IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MITCHELL LUDY,

    Plaintiff,

v.    CV 316-033

SHAWN EMMONS, Warden;
DeANNE MORRIS, Health Service
Administrator, GA Regents Health System;
CHERIE PRICE, Deputy Warden;
WESLEY O'NEAL, Unit Manager; and
MITZI HALL, Director of Nursing,
GA Regents Health System,

    Defendants.

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. nos. 12, 13). Plaintiff concedes that he did not provide accurate responses to the questions on the complaint form but asks that the Court excuse his mistake. The Court declines to do so. Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge. Nor does he deny knowledge of the cases. Rather, he claims he understood the direction to disclose any lawsuits filed in federal court "while incarcerated or detained in any facility" to mean he was bound to disclose only cases filed during his current period of incarceration. A plain reading of the complaint form imposes no such restriction.

As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 10, pp. 4-5.) Likewise, Plaintiff may not now amend his complaint to include disclosure of the cases cited in the Report and Recommendation because it would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008); see also Nelson v. Dees, No. 13-12788-A, *slip op.* at 2 (11th Cir. Apr. 11, 2014) (district court not required to allowed amendment to add prior filing history prior to dismissal as sanction for abuse of judicial process); Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history"). Therefore, the Court **DENIES** the motion to amend. (Doc. no. 14.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, **DENIES AS MOOT** the motions for a preliminary injunction and protective order, (doc. nos. 3-1, 3-2), and **CLOSES** this civil action.

SO ORDERED this 25th day of July, 2016, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2